Hitchcock
v.
Barlow.

THE PEOPLE, on the relation of Hollister, *vs.* MADISON
COMMON PLEAS.

*A party in a justice's court has a right to appeal from a judgment rendered on an ex parte hearing, after issue joined.*

---

## HITCHCOCK *vs.* BARLOW.

*Where a party is let in to defend after a default, the plaintiff is not bound to serve him with a declaration.*

JUDGMENT having been obtained against the defendant by default, at the last May term he obtained a rule that he be let in to defend, on payment of the costs of the default and all subsequent proceedings, and of opposing the motion for the rule, in twenty days; the judgment to stand as security for the debt. Within the twenty days, the defendant paid the costs; but did not plead until 27th June, the rule of May term having been granted on the 20th May. A copy of the declaration was never served on the defendant. On this state of facts, the question arose, whether the defendant was bound to plead *until after a declaration was served upon him.*

*By the Court,* SUTHERLAND, J.   A defendant who is let in to defend in a case like this, is bound to plead, although not served with a copy of the declaration.   It is his business to seek it, and the plaintiff is not bound to furnish it, having already his judgment duly entered, and allowed by the court to stand as security for his debt.